# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL WILLIAMS** | **CIVIL ACTION NO:** |
| **VERSUS** | **SECTION:** |
| **TRANSOCEAN, LTD., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., BP, PLC, BP PRODUCTS NORTH AMERICA, INC., BP EXPLORATION & PRODUCTION, INC. and HALLIBURTON ENERGY SERVICES, INC.** | **MAGISTRATE:**<br><br>**JURY TRIAL REQUESTED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES
## UNDER THE JONES ACT, ETC.

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:**

The Complaint of Michael Williams, a person of majority age and a resident of the State of Texas, with respect represents:

1.

Made defendants herein are:

(a) Transocean, Ltd. (Transocean entity), a foreign corporation authorized to do and doing business in this state and judicial district;

(b) Transocean Offshore Deepwater Drilling, Inc. (Transocean entity), a foreign corporation authorized to do and doing business in this state and judicial district;

(c) Transocean Deepwater, Inc. (Transocean entity), a foreign corporation authorized to do and doing business in this state and judicial district;

(d) BP, PLC (BP entity), a foreign corporation authorized to do and doing business in this state and judicial district;

(e) BP Products North America, Inc. (BP entity), a foreign corporation authorized to do and doing business in this state and judicial district;

(f) BP Exploration & Production, Inc. (BP entity), a foreign corporation authorized to do and doing business in this state and judicial district; and

(g) Halliburton Energy Services, Inc. (Halliburton), a foreign corporation authorized to do and doing business in this state and judicial district.

### FOR A FIRST CAUSE OF ACTION

2.

At all relevant times, defendants Transocean entities owned, controlled and operated the DEEPWATER HORIZON, a vessel in navigation, and employed plaintiff as a Chief Electronics Technician III and member of the crew of said vessel, for which job he earned approximately $80,000 per year, plus found and fringe benefits.

3.

On or about April 20, 2010, while plaintiff was attempting to perform assigned chores as a crew member of the DEEPWATER HORIZON, plaintiff suffered severe, painful, permanently disabling and physically disfiguring injuries to his body as well as severe and permanent psychic trauma and emotional suffering due to the negligence of defendants Transocean entities and the unseaworthiness of the DEEPWATER HORIZON, aboard which plaintiff was working under the

direction and control of defendants Transocean entities when she exploded and sank in the Gulf of Mexico off of the Louisiana coast.

4.

The aforesaid casualty and resulting severe, painful, permanent and disabling injuries to plaintiff Michael Williams have greatly impacted his wage earning capacity and, as a consequence, he is entitled to damages in the amount of SIX MILLION AND NO/100 ($6,000,000.00) DOLLARS.

5.

Jurisdiction of this cause of action against defendants Transocean entities is based upon the Jones Act, 46 U.S.C. §30104, et seq. and the general maritime law.

## AND FOR A SECOND CAUSE OF ACTION

6.

Plaintiff re-avers and re-alleges each and every allegation of law and fact contained in the previous paragraphs as if re-pled herein in their entirety.

7.

At all material times, and in particular prior to the explosion and sinking of the DEEPWATER HORIZON, defendant Halliburton was engaged in cementing operations of the completed well and well cap.

8.

The April 20, 2010 vessel explosion and subsequent sinking and resulting severe, painful and permanently disabling injuries to plaintiff described herein were caused by the joint negligence of defendant Halliburton which, upon information and belief, improperly and

negligently cemented the well and well cap, which negligence was a cause of the explosion and sinking of the DEEPWATER HORIZON.

9.

The aforesaid casualty and resulting severe, painful, permanent and disabling injuries to plaintiff Michael Williams have greatly impacted his wage earning capacity and, as a consequence, he is entitled to damages in the amount of SIX MILLION AND NO/100 ($6,000,000.00) DOLLARS.

10.

Jurisdiction of this second cause of action against defendant Halliburton is based upon the general maritime law.

## AND FOR A THIRD CAUSE OF ACTION

11.

Plaintiff re-avers and re-alleges each and every allegation of law and fact contained in the previously pled paragraphs of his Complaint as if re-pled herein in their entirety and to the extent that said allegations are necessary.

12.

At all material times hereto, the DEEPWATER HORIZON was operated and the well drilling and completion activities in which she participated were managed, controlled, supervised and directed by defendants BP entities.

13.

The April 20, 2010 casualty and resulting severe, painful and permanently disabling injuries to plaintiff described herein were caused by the joint negligence of the BP entities in

their management, control, supervision and direction of the DEEPWATER HORIZON and the drilling activities thereon, which negligence was a cause of the explosion.

14.

The aforesaid casualty and resulting severe, painful, permanent and disabling injuries to plaintiff Michael Williams have greatly impacted his wage earning capacity and, as a consequence, he is entitled to damages in the amount of SIX MILLION AND NO/100 ($6,000,000.00) DOLLARS.

15.

Jurisdiction of this third cause of action against defendants BP entities is based upon the general maritime law.

## AND FOR A FOURTH CAUSE OF ACTION

16.

Plaintiff hereby re-avers and re-alleges all allegations of fact and law contained in this complaint for damages as if re-pled herein in their entirety.

17.

Based on information and belief, due to the gross negligence and fault of defendants Transocean entities' shoreside management, the DEEPWATER HORIZON was unseaworthy and unfit for the job tasks required of her, which unseaworthy condition caused or substantially contributed to the explosion and vessel sinking described herein.

18.

By virtue of defendants Transocean entities callous and willful disregard for the condition of its vessel, which condition was either caused by, known to or should have been known to

defendants' shoreside management personnel, plaintiff is entitled to punitive damages in an amount to be determined by this Honorable Court.

19.

Jurisdiction of this fourth cause of action against defendants Transocean entities is based upon the general maritime law.

## AND FOR A FIFTH CAUSE OF ACTION

20.

Plaintiff hereby re-avers and re-alleges each and every allegation of fact and law contained in the previous paragraphs as if re-pled herein in their entirety.

21.

Based on information and belief, due to the gross negligence and fault of defendants BP entities in their management, control, supervision and direction of the DEEPWATER HORIZON and drilling activities thereon, an ultrahazaardous situation was created onboard the DEEPWATER HORIZON that was a cause of the explosion and vessel sinking described herein.

22.

By virtue of defendants BP entities callous and willful disregard for the safety of the crew of the DEEPWATER HORIZON, including plaintiff, plaintiff is entitled to punitive damages in an amount to be determined by this Honorable Court.

23.

Jurisdiction of this fifth cause of action against defendants BP entities is based upon the general maritime law.

24.

Plaintiff hereby requests a trial by jury on all claims and causes of action alleged herein and any additional claims and causes to be brought by way of amended and/or supplement complaint.

**WHEREFORE**, plaintiff Michael Williams prays for judgment against defendants Transocean, Ltd., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., BP, PLC, BP Products North America, Inc., BP Exploration & Production, Inc. and Halliburton Energy Services, Inc. and in his favor for compensatory damages in the amount of SIX MILLION AND NO/100 ($6,000,000.00) DOLLARS or such greater amounts as may be appropriate under the circumstances, punitive damages in an amount to be determined by this Honorable Court, for all taxable costs and interest allowed by law, for a trial by jury and for all additional and equitable relief to which this plaintiff may be entitled or as this cause may require.

Respectfully submitted,

/s/ Paul M. Sterbcow
Paul M. Sterbcow, T. A. (#17817)
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
(504) 588-1500

**PLEASE SERVE:**

**TRANSOCEAN, Ltd.**
4 Greenway Plaza
Houston, TX 77046
Through the Louisiana Long Arm Statute, LSA-R.S. 13:3201,
pursuant to Section 3204 of Title 13

**TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.**
4 Greenway Plaza
Houston, TX 77046
Through the Louisiana Long Arm Statute, LSA-R.S. 13:3201,
pursuant to Section 3204 of Title 13

**TRANSOCEAN DEEPWATER, INC.**
4 Greenway Plaza
Houston, TX 77046
Through the Louisiana Long Arm Statute, LSA-R.S. 13:3201,
pursuant to Section 3204 of Title 13

**BP, PLC**
North American Headquarters
28100 Torch Parkway
Warrenville, IL 60555-3938
Through the Louisiana Long Arm Statute, LSA-R.S. 13:3201,
pursuant to Section 3204 of Title 13

**BP PRODUCTS NORTH AMERICA, INC.**
Through their registered agent:
The Prentice-Hall Corporation System, Inc.
320 Somerulos Street
Baton Rouge, LA 70802-6129

**BP EXPLORATION & PRODUCTION, INC.**
Through their registered agent:
CT Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

**HALLIBURTON ENERGY SERVICES, INC.**
Through their registered agent:
CT Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808