UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL WILLIAMS** | **CIVIL ACTION NO: 10-1243** |
| **VERSUS** | **SECTION: "I" AFRICK** |
| **TRANSOCEAN, LTD., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., BP, PLC, BP PRODUCTS NORTH AMERICA, INC., BP EXPLORATION & PRODUCTION, INC. and HALLIBURTON ENERGY SERVICES, INC.** | **MAGISTRATE: (1) SHUSHAN**<br><br>**JURY TRIAL REQUESTED** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**FIRST AMENDED COMPLAINT FOR
DAMAGES UNDER THE JONES ACT, ETC.**

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:**

Michael Williams, through undersigned counsel, amends his Complaint for Damages as follows:

A.

Plaintiff amends the captioned to read:

> Michael Williams vs. Transocean, Ltd., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., BP, PLC, BP Products North American, Inc., BP Exploration & Production, Inc., Halliburton Energy Services, Inc. Sperry Drilling Services, Weatherford International Ltd., Cameron International Corporation d/b/a Cameron Systems Corporation, Triton Asset Leasing GMBH, Triton Hungary Asset Management Limited Liability Company, Triton Hungary Asset Management KFT, Transocean Holdings, LLC, and MI Swaco.

Plaintiff amends and supplements his Original Complaint for Damages to read as follows:

1.

Made defendants herein are:

(a) Transocean, Ltd (Transocean Entity) is a foreign corporation doing business in the State of Louisiana;

(b) Transocean Offshore Deepwater Drilling, Inc. (Transocean Entity) is a foreign corporation doing business in the State of Louisiana;

(c) Transocean Deepwater, Inc. (Transocean Entity) is a foreign corporation doing business in the State of Louisiana;

(d) BP, PLC (BP entity) is a foreign corporation doing business in the State of Louisiana;

(e) BP Products North America, Inc. (BP Entity) is a foreign corporation doing business in the State of Louisiana;

(f) BP Exploration and Production, Inc. (BP Entity) is a foreign corporation doing business in the State of Louisiana;

(g) Halliburton Energy Services, Inc. (Halliburton Entity), hereinafter referred to as "Halliburton," is a foreign corporation doing business in the State of Louisiana;

(h) Sperry Drilling Services (Halliburton Entity), a division of Halliburton, hereinafter referred to as "Sperry," is a foreign corporation doing business in the State of Louisiana;

(i) Weatherford International Ltd., hereinafter referred to as "Weatherford," is a foreign corporation doing business in the State of Louisiana;

(j) Cameron International Corporation d/b/a Cameron Systems Corporation, hereinafter referred to as "Cameron," is a foreign corporation doing business in the State of Louisiana;

(k) Triton Asset Leasing GMBH, hereinafter referred to as "Triton" and/or a "Transocean Entity," is a foreign corporation doing business in the State of Louisiana;

(l) Triton Hungary Asset Management Limited Liability Company, hereinafter referred to as "Triton" and/or a "Transocean Entity," is a foreign corporation doing business in the State of Louisiana;

(m) Triton Hungary Asset Management KFT, hereinafter referred to as "Triton" and/or a "Transocean Entity," is a foreign corporation doing business in the State of Louisiana;

(n) Transocean Holdings, LLC, hereinafter also referred to as a "Transocean Entity," is a foreign corporation doing business in the State of Louisiana; and

(o) MI Swaco, is a foreign corporation doing business in the State of Louisiana.

## AND FOR A FIRST CAUSE OF ACTION

2.

At all material times, defendants Transocean Entities manned, supplied, navigated, chartered and operated the DEEPWATER HORIZON, controlled the well drilling process and drilling equipment used to drill said well, and employed plaintiff as an electrician technician and member of the vessel crew, for which job he earned approximately $80,000, plus found and fringe benefits.

3.

On or about April 20, 2010, while plaintiff was attempting to perform assigned chores as a crew member of the DEEPWATER HORIZON, plaintiff suffered severe, painful, permanently disabling and physically disfiguring injuries to his body as well as severe and permanent psychic trauma and emotional suffering due to the negligence of defendants Transocean Entities in the well drilling process and their use of drilling equipment and the unseaworthiness of the

DEEPWATER HORIZON, aboard which plaintiff was working under the direction and control of defendants Transocean entities when she exploded and sank in the Gulf of Mexico off of the Louisiana coast.

4.

The aforesaid casualty and resulting severe, painful, permanent and disabling injuries to plaintiff Michael Williams have greatly impacted his wage earning capacity and, as a consequence, he is entitled to damages in the amount of SIX MILLION AND NO/100 ($6,000,000.00) DOLLARS.

5.

Jurisdiction of this first cause of action against defendants Transocean entities is based upon the Jones Act, 46 U.S.C. §30104, et seq. and the general maritime law.

## AND FOR A SECOND CAUSE OF ACTION

6.

Plaintiff re-avers and re-alleges each and every allegation of law and fact contained in the previous paragraphs as if re-pled herein in their entirety.

7.

At all material times, and in particular prior to the explosion and sinking of the DEEPWATER HORIZON, defendants Halliburton Entities was engaged in cementing operations of the completed well and well cap.

8.

The April 20, 2010 vessel explosion and subsequent sinking and resulting severe, painful and permanently disabling injuries to plaintiff described herein were caused by the joint negligence of defendants Halliburton Entities which, upon information and belief, improperly

and negligently cemented the well and well cap, which negligence was a cause of the explosion and sinking of the DEEPWATER HORIZON.

9.

The aforesaid casualty and resulting severe, painful, permanent and disabling injuries to plaintiff Michael Williams have greatly impacted his wage earning capacity and, as a consequence, he is entitled to damages in the amount of SIX MILLION AND NO/100 ($6,000,000.00) DOLLARS.

10.

Jurisdiction of this second cause of action against defendant Halliburton is based upon the general maritime law.

**AND FOR A THIRD CAUSE OF ACTION**

11.

Plaintiff re-avers and re-alleges each and every allegation of law and fact contained in the previously pled paragraphs of his Complaint as if re-pled herein in their entirety and to the extent that said allegations are necessary.

12.

At all material times hereto, the DEEPWATER HORIZON was operated and the well drilling and completion activities in which she participated were managed, supervised and directed by defendants BP entities.

13.

The April 20, 2010 casualty and resulting severe, painful and permanently disabling injuries to plaintiff described herein were caused by the joint negligence of the BP entities in their management, control and direction of the DEEPWATER HORIZON and the drilling

activities thereon, which negligence was a cause of the explosion.

14.

The aforesaid casualty and resulting severe, painful, permanent and disabling injuries to plaintiff Michael Williams have greatly impacted his wage earning capacity and, as a consequence, he is entitled to damages in the amount of SIX MILLION AND NO/100 ($6,000,000.00) DOLLARS.

15.

Jurisdiction of this third cause of action against defendants BP entities is based upon the general maritime law.

**AND FOR A FOURTH CAUSE OF ACTION**

16.

Plaintiff hereby re-avers and re-alleges all allegations of fact and law contained in this complaint for damages as if re-pled herein in their entirety.

17.

At all material times hereto, defendant Weatherford was the supplier of defective products that were used aboard the DEEPWATER HORIZON to conduct drilling operations prior to the explosion, was engaged in drilling operations which caused a breakdown of equipment and hole integrity, thereby allowing oil and gas into the well column and onto the DEEPWATER HORIZON and ran the inner production liner, among other drilling operations ongoing at the time of the explosion.

18.

The April 20, 2010 casualty and resulting severe, painful and permanently disabling

injuries to plaintiff herein were caused by the negligence of defendant Weatherford as both the supplier of defective products and in their involvement in drilling operations as described herein, which negligence was a cause of the explosion.

19.

The aforesaid casualty and resulting severe, painful, permanent and disabling injuries to plaintiff Michael Williams have greatly impacted his wage earning capacity and, as a consequence, he is entitled to damages in the amount of SIX MILLION AND NO/100 ($6,000,000.00) DOLLARS.

20.

Jurisdiction of this fourth cause of action against defendant Weatherford is based upon the general maritime law.

### AND FOR A FIFTH CAUSE OF ACTION

21.

Plaintiff hereby re-avers and re-alleges all allegations of fact and law contained in this complaint for damages as if re-pled herein in their entirety.

22.

Defendant Cameron was a manufacturer of products and equipment, including, but not limited to, the multiplex control system, single and double blowout preventers and well head connector on the DEEPWATER HORIZON vessel and, upon information and belief, improperly and defectively manufactured these products and equipment.

23.

The April 20, 2010 casualty and resulting severe, painful and permanently disabling injuries to plaintiff described herein were caused by the negligence of defendant Cameron due to

the defects in the products and equipment described herein, which defects were a cause of the explosion.

24.

The aforesaid casualty and resulting severe, painful, permanent and disabling injuries to plaintiff Michael Williams have greatly impacted his wage earning capacity and, as a consequence, he is entitled to damages in the amount of SIX MILLION AND NO/100 ($6,000,000.00) DOLLARS.

25.

Jurisdiction of this fifth cause of action against defendant Cameron is based upon the general maritime law.

## AND FOR A SIXTH CAUSE OF ACTION

26.

Plaintiff hereby re-avers and re-alleges all allegations of fact and law contained in this complaint for damages as if re-pled herein in their entirety.

27.

Defendant herein, MI Swaco, was contracted to provide drilling fluids services to the rig DEEPWATER HORIZON.  MI Swaco, in conjunction with co-defendant Halliburton failed to maintain appropriate drilling fluid weight before and during the cement operation, thus allowing gas to escape and ignite and ultimately resulting in the explosion aboard the vessel.

28.

The April 20, 2010 casualty and resulting severe, painful and permanently disabling injuries to plaintiff described herein were caused by the negligence of defendant MI Swaco in their use, calculation and management of the drilling fluid and drilling fluid weight before and

during the cement operation, which negligence was a cause of the explosion.

29.

The aforesaid casualty and resulting severe, painful, permanent and disabling injuries to plaintiff Michael Williams have greatly impacted his wage earning capacity and, as a consequence, he is entitled to damages in the amount of SIX MILLION AND NO/100 ($6,000,000.00) DOLLARS.

30.

Jurisdiction of this sixth cause of action against defendant MI Swaco is based upon the general maritime law.

**AND FOR A SEVENTH CAUSE OF ACTION**

31.

Plaintiff hereby re-avers and re-alleges all allegations of fact and law contained in this complaint for damages as if re-pled herein in their entirety.

32.

Based on information and belief, due to the gross negligence and fault of defendants TRANSOCEAN ENTITIES' shore side management, the DEEPWATER HORIZON was unseaworthy and unfit for the job task required of her, which unseaworthy condition caused or substantially contributed to the explosion and vessel sinking described herein.

33.

By virtue of defendants TRANSOCEAN ENTITIES' callous and willful disregard for the condition of its vessel, which condition was either caused by, known to or should have been known to these Defendants' shore side management personnel, plaintiff is entitled to punitive damages in an amount to be determined by this Honorable Court.

34.

Jurisdiction of this seventh cause of action against defendants Transocean Entities is based upon the general maritime law.

### AND FOR AN EIGHTH CAUSE OF ACTION

35.

Plaintiff hereby re-avers and re-alleges all allegations of fact and law contained in this complaint for damages as if re-pled herein in their entirety.

36.

Based on information and belief, due to the gross negligence and fault of defendants BP ENTITIES in their management, control, supervision and direction of the DEEPWATER HORIZON and drilling activities thereon, an ultrahazardous situation was created onboard the DEEPWATER HORIZON that was a cause of the explosion and vessel sinking described herein.

37.

By virtue of defendants BP ENTITIES' callous and willful disregard for the safety of the crew of the DEEPWATER HORIZON, including plaintiff, plaintiff is entitled to punitive damages in an amount to be determined by this Honorable Court.

38.

Jurisdiction of this eighth cause of action against defendant BP Entities is based upon the general maritime law.

39.

Plaintiff demands a trial by jury on all claims and causes of action pled herein.

**WHEREFORE**, plaintiff Michael Williams prays for judgment against defendants Transocean, Ltd., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., BP, PLC, BP Products North America, Inc., BP Exploration & Production, Inc., Halliburton Energy Services, Inc., Sperry Drilling Services, Weatherford International Ltd., Cameron International Corporation d/b/a Cameron Systems Corporation, Triton Asset Leasing GMBH, Triton Hungary Asset Management Limited Liability Company, Triton Hungary Asset Management KFT, Transocean Holdings, LLC and MI Swaco and in his favor for compensatory damages in the amount of SIX MILLION AND NO/100 ($6,000,000.00) DOLLARS or such greater amounts as may be appropriate under the circumstances, punitive damages in an amount to be determined by this Honorable Court, for all taxable costs and interest allowed by law, for a trial by jury and for all additional and equitable relief to which this plaintiff may be entitled or as this cause may require.

Respectfully submitted,

/s/ Paul M. Sterbcow
Paul M. Sterbcow, T. A. (#17817)
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
(504) 588-1500

_____

MARTZELL & BICKFORD, A.P.C.
SCOTT R. BICKFORD (T.A. #1165)
LAWRENCE J. CENTOLA III (# 27402)
NEIL F. NAZARETH (#28969)
**usdcedla@mbfirm.com**
338 Lafayette Street
New Orleans, LA 70130
(504) 581-9065
(504) 581-7635 Fax
Attorneys for Natalie Roshto

AND

**RONNIE G. PENTON (#10462)**
**The Law Offices of Ronnie G. Penton**
**rgp@rgplaw.com**
209 Hopper Place
Bogalusa, LA 70427
(985) 732-5651
(985) 732-5579 fax

**PLEASE SERVE:**

**TRANSOCEAN, Ltd.**
4 Greenway Plaza
Houston, TX 77046
Through the Louisiana Long Arm Statute, LSA-R.S. 13:3201,
pursuant to Section 3204 of Title 13

**TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.**
4 Greenway Plaza
Houston, TX 77046
Through the Louisiana Long Arm Statute, LSA-R.S. 13:3201,
pursuant to Section 3204 of Title 13

**TRANSOCEAN DEEPWATER, INC.**
4 Greenway Plaza
Houston, TX 77046
Through the Louisiana Long Arm Statute, LSA-R.S. 13:3201,
pursuant to Section 3204 of Title 13

**BP, PLC**
North American Headquarters
28100 Torch Parkway
Warrenville, IL 60555-3938
Through the Louisiana Long Arm Statute, LSA-R.S. 13:3201,
pursuant to Section 3204 of Title 13

**BP PRODUCTS NORTH AMERICA, INC.**
Through their registered agent:
The Prentice-Hall Corporation System, Inc.
320 Somerulos Street
Baton Rouge, LA 70802-6129

**BP EXPLORATION & PRODUCTION, INC.**
Through their registered agent:

CT Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

**HALLIBURTON ENERGY SERVICES, INC.**
Through their registered agent:
CT Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

**SPERRY DRILLING SERVICES**

**WEATHERFORD INTERNATINAL LTD.**

**CAMERON INTERNATIONAL CORPORATION
DBA/ CAMERON SYSTEMS CORPORATION**

**TRITON ASSET LEASING GMBH**

**TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY**

**TRITON HUNGARY ASSET MANAGEMENT KFT**

**TRANSOCEAN HOLDINGS, LLC.**

**MI SWACO**